```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


JOSE ARZUAGA,                    :
        Plaintiff,               :
                                 :              PRISONER
     v.                          :     CASE NO. 3:12-cv-743(DJS)
                                 :
CIEBOTER, et al.,                :
        Defendants.              :
```

                         INITIAL REVIEW ORDER

     The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000).  The plaintiff names as defendants Correctional Officers Cieboter, Rutkowski and Mike Jones.  All defendants are named in their individual capacities only.

     Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id*.

     In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds

upon which they are based and to demonstrate a right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The plaintiff states that he was on in-cell restraint status on December 7, 2011. When defendant Rutkowski served him an incomplete bag meal and neither Rutkowski nor defendant Jones would rectify the matter, he stuck his cuffed hands through the food slot as a protest and to attract the attention of a supervisor. Defendants Rutkowski and Cieboter used excessive force against the plaintiff by repeatedly slamming the food slot door shut on his arms and wrists. Defendant Jones watched but did not intercede to stop the use of force.

The court concludes, at this time, that the complaint should be served on defendants in their individual capacities.

## ORDERS

In accordance with the foregoing analysis, the court enters

the following orders:

    (1)  **The Pro Se Prisoner Litigation Office shall** verify the current work addresses of each defendant with the Department of Correction Office of Legal Affairs and mail waiver of service of process request packets to each defendant at the confirmed addresses on or before **June 20, 2012.** The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on **July 25, 2012.** If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

    (2)  **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

    (3)  **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

    (4)  **The defendants shall** file their response to the complaint, either an answer or motion to dismiss, on or before **August 15, 2012.** If they choose to file an answer, they shall

admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

    (5)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by **January 2, 2013**. Discovery requests need not be filed with the court.

    (6)  All motions for summary judgment shall be filed on or before **February 1, 2013.**

    (7)  Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

    **SO ORDERED** this 6th  day of June 2012, at Hartford, Connecticut.


        _____/s/ DJS_____
                  Dominic J. Squatrito
              United States District Judge